PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES JORDAN, | ) | |
| | ) | CASE NO. 4:19CV0093 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| LIBERTY MUTUAL FIRE | ) | |
| INSURANCE COMPANY, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 10 and 15] |


Pending is Defendant's Motion for Judgment on the Pleadings (ECF No. 10), filed two

days before the Case Management Conference ("CMC").[1] For the reasons set forth in Section

II.A. below, the motion is denied.

Also pending is Plaintiff's Motion to Extend Expert Report and Associated Discovery

Deadlines by Sixty Days (ECF No. 15).[2] For good cause shown, the motion is granted without

opposition as set forth in Section II.B. below.

_____

[1] The Telephonic CMC Scheduling Order (ECF No. 4) provides in pertinent part:
Before a defendant may file a motion to dismiss, it must submit a written
request to be dismissed to opposing counsel. Opposing counsel shall
either agree to the request for dismissal or shall give explicit reasons in
writing for refusing to do so. Upon such refusal, the defendant shall
reassess its position and may file a motion to dismiss if the party believes
it is still entitled to dismissal. The motion to dismiss must be
accompanied by a statement certifying that this exchange has occurred.
*Id.* at PageID #: 25. The within motion, however, does not set forth a statement certifying
that the pre-filing written exchange occurred.

[2] Counsel for Plaintiff is informed that it is not necessary to file a proposed Order
when filing a motion with the Court. *See* ECF No. 16.

(4:19CV0093)

## I. Background

The Complaint ([ECF No. 1-1 at PageID #: 6-11](#)) in the above-entitled action was filed in the Mahoning County, Ohio Court of Common Pleas on December 11, 2018.[3] It alleges that Plaintiff suffered property damage to his residence as a result of a fire that occurred while insured under a Liberty policy of insurance designated as Policy No. H35-281-103241-70 (the "Policy"). [ECF No. 1-1 at PageID #: 7-8, ¶¶ 4, 8](#). The alleged loss occurred on February 26, 2017. [ECF No. 1-1 at PageID #: 7-8, ¶ 8](#). Plaintiff claims that he complied with the obligations of the Policy and that Defendant improperly refused to make payment for the loss. Liberty formally denied coverage for the claim in November 2018, approximately 21 months after the fire loss. [ECF No. 1-1 at PageID #: 8, ¶ 14](#).[4] Thereafter, Plaintiff brought claims against Defendant for breach of contract (First Claim) and bad faith (Second Claim).

The Policy has certain general conditions that are identified beginning on page 8 of the Policy. On page 10, the Policy sets forth a limitation of action clause that provides:

> **8.** **Suit Against Us.** No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.

[ECF No. 11-1 at 91](#).

---

[3] Defendant Liberty Mutual Fire Insurance Company ("Liberty") removed the case to this Court on January 14, 2019, on the basis of diversity jurisdiction. *See* Notice of Removal ([ECF No. 1](#)).

[4] While Liberty attached the Complaint ([ECF No. 1-1 at PageID #: 6-11](#)) to its Notice of Removal ([ECF No. 1](#)), it did not attach Exhibit 1 and 2 referenced in the pleading.

## II. Law and Analysis

### A. Judgment on the Pleadings (ECF No. 10)

The procedural standard for determining a judgment on the pleadings under Fed. R. Civ. P. 12(c) is indistinguishable from the standard of review for dismissals based on failure to state a claim under Fed. R. Civ. P. 12(b)(6). *U.S. ex rel. Bledsoe v. Community Health Systems, Inc.*, 342 F.3d 634, 643 (6th Cir. 2003); *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001) (citing *Mixon v. Ohio*, 193 F.3d 389, 399-400 (6th Cir. 1999)). In deciding a motion to dismiss pursuant to Rule 12(b)(6), or a motion for judgment on the pleadings under Rule 12(c), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing authorities).

In other words, claims set forth in a complaint must be plausible, rather than conceivable. *Id.* at 570. "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader

(4:19CV0093)

is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). The factual

allegations in the complaint "must contain something more . . . than . . . a statement of facts that

merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555

(quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, p. 235-236 (3d ed.

2004)). In addition to reviewing the claims set forth in the complaint, a court may also consider

exhibits, public records, and items appearing in the record of the case as long as the items are

referenced in the complaint and are central to the claims contained therein. *Bassett v. Nat'l*

*Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *Erie County, Ohio v. Morton Salt,*

*Inc*., 702 F.3d 860, 863 (6th Cir. 2012).

Defendant, citing the unreported case of *Walker v. Safeco Ins. Co. of Indiana*, No.

5:17CV2214 (N.D. Ohio Aug. 13, 2018) (Adams, J.),[5] argues that Plaintiff has failed to state a

claim upon which relief can be granted for two reasons. First, Plaintiff's breach of contract claim

fails because it was brought outside the limitation period in the Policy. Second, Plaintiff's bad

faith claim cannot succeed where the breach of contract claim fails.

Plaintiff responds that Liberty has failed to cite persuasive legal authority to meet its

burden to demonstrate why any portion of his claims should be dismissed on the text of the

---

[5] As an unpublished case by another district judge, *Walker* does not constitute
binding precedent. *Camreta v. Greene*, 563 U.S. 692, 709, n. 7 (2011). In addition, the
plaintiff in *Walker* filed a Notice of Appeal to the United States Court of Appeals for the
Sixth Circuit from the dismissal of the case. As a result of mediation negotiations under
Rule 33 of the Sixth Circuit Rules conducted during the direct appeal, the parties agreed
to a settlement that included a dismissal of the appeal pursuant to Fed. R. App. P. 42(b).
*Walker v. Safeco Ins. Co. of Indiana*, No. 18-3864 (6th Cir. Dec. 3, 2018). Therefore, the
correctness of the district court opinion in *Walker* was never reviewed by the Sixth
Circuit.

4

(4:19CV0093)

Complaint (ECF No. 1-1 at PageID #: 6-11) and prior to the completion of discovery. In addition, some of the legal authority upon which Defendant relies is inaccurately represented and does not have the effect stated in the motion. Finally, Plaintiff argues Liberty cannot cite any technical deficiencies in the Complaint (ECF No. 1-1 at PageID #: 6-11) entitling it to the relief it seeks, nor does it even cite an applicable standard of pleading generally.

### 1. Breach of Contract Claim

Plaintiff alleges Defendant failed to abide by the contractual terms of the Policy when it denied the claim. This claim sounds exclusively in contract law, *i.e.*, breach of contract.

Defendant argues that by filing the Complaint (ECF No. 1-1 at PageID #: 6-11) on December 11, 2018, Plaintiff failed to file suit within the "Suit Against Us" period stated in the Policy because the claimed losses occurred before December 11, 2017. Liberty argues that, as the span of time between the fire at issue in this case and the date Plaintiff filed his complaint exceeds one year, this language operates, *as a matter of law*, to foreclose any claim for breach of contract Plaintiff asserts in this action.

The Court concludes that a determination of the enforceability and effect of this type of contract language is not ripe at this stage of the litigation. When a claim is founded upon some written instrument, "the court, in ruling on a Civil Rule 12(B)(6) motion to dismiss for failure to state a claim, must avoid interpreting such instrument at that pre-trial stage unless it is so clear and unambiguous on its face that the court can determine to a certainty that the plaintiff would be entitled to no relief under any provable set of facts." *Slife v. Kundtz Properties, Inc.*, 40 Ohio App.2d 179 (8th Dist. 1974), paragraph 3 of the syllabus; *see also Demeraski v. Bailey*, 35

N.E.3d 913, 919 ¶¶ 13, 14 (Ohio App. 8th Dist. June 4, 2015) (applying *Slife* standard and

finding that the trial court erred in dismissing the complaint for failure to state a claim for which

relief can be granted). Defendant is not barred from asserting this argument via a motion for

summary judgment after discovery has been conducted.

This is particularly so given the "Suit Against Us" language in the Policy can be

invalidated by the presence of requests not to sue or requests for additional time or patience from

the insurer to the insured. In *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427 (1981), the

Ohio Supreme Court held "[a]n insurance company may be held to have waived a limitation of

action clause in a fire insurance policy by acts or declarations which evidence a recognition of

liability, or acts or declarations which hold out a reasonable hope of adjustment and which acts or

declarations occasion the delay by the insured in filing an action on the insurance contract until

after the period of limitation has expired. *Id.* at 427, syllabus. Evidence outside the four corners

of either the Complaint (ECF No. 1-1 at PageID #: 6-11) or the Policy can invalidate an

otherwise enforceable limitation of action clause. In the case at bar, Plaintiff not only expressly

pleaded such facts,[6] but the very possibility that such facts could exist precludes granting the

within motion.

---

[6] *See* Complaint (ECF No. 1-1 at PageID #: 6-11) at PageID #: 9, ¶ 22 (Defendant "actively discouraging Plaintiff taking legal action against it during a pretextual investigation with a predetermined outcome" caused insured to delay bringing action); PageID #: 8, ¶ 14.

### 2. Bad Faith Claim

Plaintiff alleges Liberty dealt with Plaintiff, its insured, in bad faith or with a lack of good faith. This claim extends beyond an allegation that Defendant wrongly denied the claim. Although the wrongful denial is a portion of this claim, Plaintiff additionally alleges Liberty failed to timely adjust the claim, subjected Plaintiff to overly burdensome demands and requests, accused Plaintiff of criminal conduct without adequate basis, and dragged out the process through assurances that the investigation was close to an end, all while expressly discouraging Plaintiff from disengaging with Defendant and filing a lawsuit. This claim, although related to the contract, sounds exclusively in tort law.

Defendant argues that this claim alleges that there was no lawful basis for the refusal to pay the claim. There are two types of bad faith claims that can be asserted: (1) when the insurer had no lawful basis for its refusal of the claim or (2) when the insurer failed to determine whether there was a lawful basis for the refusal. *Motorists Mut. Ins. Co. v. Said*, 63 Ohio St.3d 690, 699-700 (1992); *see also Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 629-30 (1992). This principle would appear to remain intact even after *Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552 (1994), overruled the portions of these decisions inserting an intent element. *See, e.g.*, *Toman v. State Farm Mut. Auto. Ins. Co.*, No. 102483, 2015 WL 4979577, at *7 ¶ 33 (Ohio App. 8th Dist. Aug. 20, 2015). The first type involves the merits of the contract claim. Therefore, in this type of bad faith claim, the success of the tort claim hinges on the success of the contract claim. *See Ballard v. Nationwide Ins. Co.*, 46 N.E.3d 170, 173-74 at ¶ 18 (Ohio App. 7th Dist. Oct. 22, 2015).

According to Defendant, the factual recitations in the Complaint (ECF No. 1-1 at PageID #: 6-11) contain no statement or allegation that Liberty failed to investigate the claims. Therefore, the alleged bad faith must be based on the first type of claim. Defendant concludes that the bad faith claim must be dismissed because the breach of contract claim fails on the basis of a contractual time limitation for its filing, and a bad faith claim predicated on the refusal to pay Plaintiff's claims can not survive independent of a successful breach of contract claim.

For the reasons stated above, the breach of contract claim does not fail at this stage of the litigation. Moreover, the inability of a plaintiff to pursue a breach of contract claim due to a contractual limitations clause does not dictate the substantive validity or the merits of that claim, even if it can no longer be asserted. In *Bullet Trucking, Inc. v. Glen Falls Ins. Co.*, 84 Ohio App.3d 327 (2nd Dist. 1992), an Ohio Court of Appeals held that even had the insured asserted the first type of claim, thereby necessitating proof that the insurer breached the insurance contract in order to succeed on the bad faith claim, the granting of summary judgment on the contract claim because of a limitation of action clause did not prevent the insured from asserting, and indeed prevailing on, its bad faith claim. *Id.* at 334.

Plaintiff also argues that the Complaint (ECF No. 1-1 at PageID #: 6-11) asserts the second type of bad faith claim. A bad faith claim based on failure to determine whether there was a lawful basis to deny coverage is not tied to the underlying merits of the decision to grant or deny coverage. *Myers Controlled Power, LLC v. Daily Express, Inc.*, No. 5:08CV2222, 2009 WL 10689009, at *3 (N.D. Ohio May 22, 2009) (Limbert, M.J.) (collecting cases); *Bullet Trucking*, 84 Ohio App.3d at 334. Plaintiff asserts this failure occurred, alleging in Paragraph 22

(4:19CV0093)

of the Complaint (ECF No. 1-1 at PageID #: 6-11) that Defendant made "determinations of

criminal conduct on [the] part of Plaintiff that are unsupported by fact, [and justified] said

determinations by mischaracterizing the nature and strength of evidence and statements." ECF

No. 1-1 at PageID #: 9, ¶ 22. The Court finds that the Complaint (ECF No. 1-1 at PageID #: 6-

11) alleges facts that support both types of bad faith claims.

### B. Motion for Extension (ECF No. 15)

1. Fact Discovery shall be completed on or before October 15, 2019.

(A) On or before August 30, 2019, the party that has the burden of proof on an issue(s)

shall identify its retained expert witness(es) and provide opposing counsel with a written expert

report(s).

(B) The party that has no burden of proof on an issue(s) shall identify its retained

expert(s), if any, and submit an opposing written report(s) to opposing counsel on or before

September 16, 2019.

A party may take a discovery deposition of its opponent's expert witness only after the

exchange of reports has occurred. The discovery deposition of an opponent's expert witness

shall be completed on or before October 15, 2019. If a party chooses not to use its own expert

witness, it will be permitted to take the discovery deposition of its opponent's expert witness

only after submitting a written statement advising the Court and opposing counsel to that effect.

A party may not call an expert witness to testify unless a written report prepared and

signed by the witness has been procured and provided to opposing counsel. The report shall

contain a complete statement of all opinions of the expert as to each issue on which she will

(4:19CV0093)

testify and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the previous 10 years; the compensation to be paid for the study and testimony in the case; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. An expert will not be permitted to testify or provide opinions on issues not raised in her report.

2. Before a party may file a dispositive motion, it must submit a written request for judgment or to be dismissed to opposing counsel. Opposing counsel shall either agree to the judgment or request for dismissal or shall give explicit reasons in writing for refusing to do so. Upon such refusal, the party shall reassess its position and may file a dispositive motion if the party believes it is still entitled to summary judgment or dismissal. The dispositive motion must be accompanied by a statement certifying that this exchange has occurred.

The cutoff for filing dispositive motions is November 15, 2019. Responses shall be filed by December 16, 2019 (*See* LR 7.1(d)) and Replies by December 30, 2019 (*See* LR 7.1(e)).

Lead counsel of record shall confer with one another in person in order to prepare written stipulations as to all uncontested facts to be presented by the dispositive motion. The stipulations shall be filed with the Court on or before November 15, 2019. If there are no stipulations, a joint notice stating same shall be filed by the same date. These are mandatory requirements.

3. No other dates set forth in the Case Management Plan (ECF No. 12) are extended.

### III. Conclusion

Defendant's Motion for Judgment on the Pleadings (ECF No. 10) is denied.

Plaintiff's Motion to Extend Expert Report and Associated Discovery Deadlines by Sixty

Days (ECF No. 15) is granted.


IT IS SO ORDERED.


   July 15, 2019                                     */s/ Benita Y. Pearson*
Date                                              Benita Y. Pearson
                                             United States District Judge